# In the United States Court of Federal Claims
(Pro Se)

|  |  |
|---|---|
| JAMIE BURKE, | ) |
| Plaintiff, | ) |
| v. | ) No. 23-953 |
| | ) (Filed: July 11, 2023) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

Jamie Burke, pro se, Idaho Falls, ID.

**OPINION AND ORDER**

**KAPLAN, Chief Judge.**

Jamie Burke, proceeding pro se, alleges that two individuals used the State of Idaho and its justice system to unlawfully take custody of her children, that officials serving in the Trump Administration as well as Idaho authorities refused to investigate this "kidnapping," and that the "tyrants that run the State of Idaho" are using state laws "to commit treason with Russia." Compl. at 1, Docket No. 1; Compl. Ex. 1, at 2, Docket No. 1-1. Ms. Burke further alleges that Idaho Governor Brad Little, former President Donald Trump, and members of the Trump Administration retaliated against her and attempted to have her and her husband killed. Compl. Ex. 1, at 1–2. She also names several members of Congress in her complaint, including Representatives Marjorie Taylor Green, George Santos, and Lauren Boebert, as well as former executive branch officials, including Vice President Pence and Attorney General William Barr, all of whom she presumably alleges were complicit in the actions about which she complains. Id. at 3, 11.

As explained in further detail below, the Court lacks jurisdiction over the claims in Ms. Burke's complaint. Therefore, the complaint will be **DISMISSED without prejudice**.

**DISCUSSION**

Jurisdiction is a threshold matter, Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998), about which the Court must independently satisfy itself, Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006). Rule 12(h)(3) of the Rules of the Court of Federal Claims explains that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Jaye v. United States, 781 F. App'x 994, 996 (Fed. Cir. 2019) (alteration in original); see also Arbaugh, 546 U.S. at 501, 514 (stating that courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the

absence of a challenge from any party"). Accordingly, the Court may raise the issue of subject-matter jurisdiction on its own at any time without a motion from either party. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

Although complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Harris v. United States, 113 Fed. Cl. 290, 292 (2013); see also Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quoting Kelley v. Sec'y, U.S. Dep't of Lab., 812 F.2d 1378, 1380 (Fed. Cir. 1987))). Ms. Burke has failed to do so.

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis supplied). By its own terms, the Tucker Act does not confer jurisdiction over claims against individuals or entities other than the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941).

For that reason, the Court lacks jurisdiction over Ms. Burke's claims that Jenice Flores and Robert Lua, two private citizens, were responsible for "kidnapping" her two children. Compl. at 1. It also lacks jurisdiction over her claims against the State of Idaho including, among others, that it enabled this "kidnapping," id. at 1–2, and that Blackfoot Idaho Police Officer Kyle Pentrack and Idaho Governor Brad Little profiled and attempted to kill her and her husband as part of a "state retaliation." Compl. Ex. 1, at 2, 6.

Nor does the Court have jurisdiction over claims against either current or former public officials, such as those Ms. Burke appears to be trying to articulate against members of Congress or against former President Trump and members of his Administration. Bussie v. United States, 443 F. App'x 542 (Fed. Cir. 2011) (dismissing claims against former Presidents Barack Obama and George W. Bush). Further, even assuming the Court were to treat Ms. Burke's allegations of wrongdoing by President Trump or members of his Administration as claims against the United States, it would still lack jurisdiction over those claims. For while the Tucker Act serves as a waiver of sovereign immunity to allow a suit for money damages against the United States, it does not create a substantive cause of action. United States v. Mitchell, 463 U.S. 206, 212 (1983); see also Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). Therefore, to bring a claim under the Tucker Act, a plaintiff must identify a separate source of substantive law that can "fairly be interpreted as mandating compensation by the Government." Mitchell, 463 U.S. at 206.

Ms. Burke has failed to identify a money-mandating source of law for any of the allegations in her complaint. Instead, she cites various sections of Title 18 of the United States Code. See Compl. at 1 (citing 18 U.S.C. § 1509 (imposing fines or imprisonment for obstruction of court orders); 18 U.S.C. § 241 (imposing fines or imprisonment for conspiracy against rights); 18 U.S.C. § 1621 (imposing fines or imprisonment for perjury); and 18 U.S.C. § 1623 (imposing fines or imprisonment for false declarations before a grand jury or court)). This court "has no

jurisdiction to adjudicate any claims whatsoever under the federal criminal code." Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994). Ms. Burke also cites 42 U.S.C. § 9858o, which is entitled "Parental Rights and Responsibilities" and concerns the interpretation of the Child Care and Development Block Grant Act of 1990. That provision—whose applicability here is entirely unexplained—provides no basis for this Court to exercise its jurisdiction under the Tucker Act because it is not "reasonably amenable to the reading that it mandates a right of recovery in damages." United States v. White Mountain Apache Tribe, 537 U.S. 465, 473 (2003).

Ms. Burke appears to also allege that she has been a victim of some form of "whistleblower retaliation." Compl. at 2 (providing Ms. Burke's "federal whistleblower number"); Compl. Ex. 1, at 1–2 (listing "federal whistleblower retaliation" as the basis for federal court jurisdiction). But Ms. Burke does not identify the statutory, regulatory, or constitutional source for any retaliation claim against the United States, and none is apparent to the Court.

Ms. Burke makes a number of other highly implausible and difficult to follow allegations in her complaint, including that former President Trump enabled the "kidnapping" of her children, and also tried to have her killed when she was imprisoned in Las Vegas, Nevada by putting her in a "gas chamber cell" and "trying to have [her] poisoned by a Chinese spy." Compl. Ex. 1, at 8. In addition, according to Ms. Burke, "Trump and his Magas" discriminated against her based on her race by "plotting secret plots against American [c]itizens to infringe on [their] constitutional and civil rights." Id. at 9–10. She also alleges that she sent President Trump classified documents, including those containing "evil plots and plans" of various foreign nations that she claims to have obtained through hacking, and appears to claim that President Trump and his son Eric may have used this information to blackmail President Biden. Id. at 11.

Even assuming that the Court were to treat as true Ms. Burke's fantastical allegations that the United States, through President Trump, tried to harm her or her children, they would not provide a basis for the Court to exercise jurisdiction under the Tucker Act because the Act does not apply to cases sounding in tort. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Moreover, the allegations of violations of others' constitutional and civil rights, or claims that President Trump blackmailed President Biden, similarly do not include the identification of a law, rule, regulation, or constitutional provision that gives rise to a claim for money damages on Ms. Burke's part.

## CONCLUSION

For the foregoing reasons, Ms. Burke's complaint, Docket No. 1, is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Chief Judge

4